0AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

DEC - 3 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

| | |
|---|---|
| United States of America | |
| v. | Case No. 24-MJ-5198 |
| **Darling Alvarez-Bouchot** | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about November 16, 2024, in the Western District of New York, the defendant, **Darling Alvarez-Bouchot**, an alien, who had previously been denied admission, excluded, deported, and removed from the United States on or about May 5, 2016, was found in the United State of America, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission to the United States,

**In violation of Title 8, United States Code, Section 1326(a).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

BRANDON M. FREDRICK
AGENT
BORDER PATROL
*Printed name and title*

Sworn to and signed telephonically.

Date: December 3, 2024

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF NIAGARA   )   SS:
CITY OF NIAGARA FALLS   )

I, **BRANDON M. FREDRICK**, being duly sworn, deposes and states:

1. I am a United States Border Patrol Agent with the United States Border Patrol, within the Department of Homeland Security (DHS), stationed in Niagara Falls, New York. I have been employed as a Border Patrol Agent for fifteen (15) years. In such capacity, my official duties include investigating persons who have violated federal immigration laws and other related federal statutes. I have conducted and participated in investigations relating to Illegal Re-Entry After Deportation in violation of Title 8, United States Code, Section 1326.

2. As a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, and I am a Law Enforcement Officer with the authority to affect arrests and execute criminal complaints and warrants issued under the authority of the United States. As part of my current duties, I have become involved in an investigation of a suspected violation of Title 8, United States Code, Sections 1326(a).

3. I make this affidavit in support of a criminal complaint charging **DARLING ALVAREZ-BOUCHOT** (hereinafter "the defendant"), born in 1980, in Mexico, an alien, with being found in the United States after having been previously removed or deported from the United States, without first applying to the Attorney General, or his successor, the

Secretary of the Department of Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a).

4.      The statements contained in this affidavit are based upon my personal observations, my training and experience, my review of official records, and upon information provided to me by other U.S. Border Patrol Agents and other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant did knowingly violate Title 8, United States Code, Section 1326(a).

5.      On or about November 16, 2024, at approximately 10:30 a.m., Deputy Virk of the Niagara County Sheriff's Office stopped a vehicle in the vicinity of 2904 Niagara Falls Boulevard in North Tonawanda, New York, in the Western District of New York, and encountered the defendant as an occupant of the vehicle.

6.      The Niagara County Sheriff's Office contacted the U.S. Border Patrol in order to assist them with identifying the occupants of the vehicle. U.S. Border Patrol Agents spoke with the defendant and determined through questioning that he is a citizen and national of Mexico, and not a citizen or national of the United States. The defendant admitted to being

a citizen and national of Mexico and that he did not have any documents that would allow him to be or remain in the United States lawfully.

7.  U.S. Border Patrol Agents took the defendant into custody. As a part of processing, the defendant's fingerprints were electronically scanned into the Integrated Automated Fingerprint Identification System (IAFIS) to verify his identity and any immigration history he may have in the United States. This query resulted in an identical biometric match revealing that the defendant had been issued FBI number 932431MC5, and immigration fingerprint identification number 5721573. FBI number 932431MC5 referenced multiple charges for Driving Without a License and uninsured motor vehicle fee violation on August 19, 2007, in Charleston, South Carolina.

8.  Immigration database record checks further determined that the defendant had been assigned alien number A 200684426 and that he had been ordered removed on multiple occasions. The defendant was first ordered removed on or about May 5, 2016, in Fort Brown, Texas, and was physically deported from the United States through Brownsville, Texas, on or about that same day. The defendant was ordered removed again on or about May 6, 2016, also in Fort Brown, Texas, and was physically deported from the United States through Brownsville, Texas on or about May 7, 2016. The defendant was ordered removed a third time on or about November 20, 2017, in Falfurrias, Texas, and was physically deported from the United States through Hidalgo, Texas on or about November 20, 2017. Finally, the defendant was ordered removed for a fourth time on or about January 27, 2019 in Calexico,

California, and was physically deported from the United States through Calexico, California on or about January 29, 2019. In connection with this removal, the defendant was warned not to reenter the United States for a period of 20 years.

9. Record checks failed to disclose any record that the defendant had applied for or received the requisite permission to reenter the United States from the Attorney General or the Secretary of Homeland Security.

10. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that **Darling Alvarez-Bouchot** was found in the United States after having been previously deported and removed from the United States, without first applying to the Attorney General, or the Secretary for the Department of Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
BRANDON M. FREDRICK
Agent
U.S. Border Patrol

Sworn to me and signed telephonically this
3rd day of ~~November~~, 2024
      December

_____
HONORABLE MICHAEL J. ROEMER
U.S. Magistrate Judge

4